IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARLON SMITH, SID #368765, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| V. | § | 5:15-CV-008- RP |
| | § | |
| BEXAR COUNTY SHERIFF'S OFFICE, et al., | § | |
| | § | |
| Defendants | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court are Plaintiff's Complaint, filed January 5, 2015 (Clerk's Dkt. #1); the Motion to Dismiss filed by Defendants Bexar County Sheriff's Office, Bexar County Jail and Deputy Chief Raul Banasco on March 18, 2015 (Clerk's Dkt. #15); and Defendant Aramark Corporation's Motion to Dismiss, filed April 1, 2015 (Clerk's Dkt. #25).  The case was referred to United States Magistrate Judge Pamela Mathy for a Report and Recommendation on the merits pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, as amended. Magistrate Judge Mathy filed her Report and Recommendation on April 23, 2015 (Clerk's Dkt. #35), recommending the Court dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).  Plaintiff filed a document titled "Appeal" on May 8, 2015 (Clerk's Dkt. #38), which document, in an abundance of caution, this Court will construe as Plaintiff's objections to the Report and Recommendation.

In light of the objections, the Court has undertaken a de novo review of the entire case file in this action and finds Magistrate Judge Mathy's Report and Recommendation is correct and should be approved and accepted for substantially the reasons stated therein.

Plaintiff is an inmate at the Bexar County Adult Detention Center.  This lawsuit arises from

disputes between Plaintiff and Defendants regarding commissary items allegedly purchased by Plaintiff but never received and a missing shower shoe, which alleged loss totals less than $100 in cash and goods.  On January 5, 2015, Plaintiff filed this action against Defendants asserting the violation of his civil rights pursuant to 42 U.S.C. § 1983 and various state law claims.

In her Report and Recommendation, Judge Mathy found Plaintiffs § 1983 claims against the Bexar County Sheriff's Office, the Bexar County Jail and Raul Banasco (the "Bexar County Defendants") should be dismissed for the following reasons: (1) Plaintiff failed to exhaust his administrative remedies; (2) to the extent Plaintiff asserts a separate cause of action based on the adequacy of the administrative remedies available, Plaintiff failed to provide a particularized statement of facts showing he has stated a claim upon which relief can be granted; (3) the Bexar County Sheriff's Office and the Bexar County Jail lack the capacity to be sued; and (4) to the extent Plaintiff seeks injunctive relief from the Defendants, Plaintiff's complaint fails to state a claim for relief for which an award of injunctive relief would be appropriate.  Judge Mathy further found Plaintiff's § 1983 claim against Aramark Corporation should be dismissed because the allegations contained in Plaintiff's complaint are insufficient to show Aramark was acting under color of state law.

In light of her recommendations to dismiss Plaintiff's federal claims under § 1983, Judge Mathy further recommends the Court decline to exercise supplemental jurisdiction and dismiss Plaintiff's state law claims as well.

In his objections, Plaintiff reasserts many of the arguments he already presented in his complaint and his response to the Bexar County Defendants' motion to dismiss, all of which are addressed in the Report and Recommendation.  In addition, Plaintiff objects to the Report and Recommendation on the following grounds: (1) Judge Mathy is biased against Plaintiff; (2) Judge Mathy failed to apply the correct standard under Rule 12(b)(6); (3) Plaintiff has, in fact, exhausted his administrative remedies; and (4) Aramark was, in fact, acting under color of state law.

2

With respect to Judge Mathy's alleged bias, Plaintiff's only support for this contention is the fact Judge Mathy has denied his previous motions. The fact a judge has ruled against a party in a judicial proceeding does not establish proof of bias, and Plaintiff has failed to allege any other potential cause of bias. *See In re Hipp, Inc.*, 5 F.3d 109, 116 (5th Cir. 1993).

As for Plaintiff's contention Judge Mathy failed to accept his allegations as true and view them in the most favorable light, Judge Mathy articulated in detail the correct standard of review when considering a Rule 12(b)(6) motion. She made clear that in her review of the motions to dismiss, she accepted as true all well-pleaded facts in Plaintiff's complaint and viewed them in the light most favorable to Plaintiff. Judge Mathy applied the correct Rule 12(b)(6) standard.

Plaintiff maintains he has exhausted his administrative remedies. In his complaint, however, Plaintiff acknowledges he is still waiting for the resolution of his grievances, complaining that "the Defendants and the grievance department are biding time, procrastinating, lolly gagging, etc. . . .." (Complaint, Attachment, p. 5). By Plaintiff's own admission, attempts to administratively address his grievances are still ongoing.

Finally, Plaintiff reasserts that Aramark was, in fact, acting under color of state law. Plaintiff does not submit anything on this issue that he did not already present in his other pleadings. Moreover, regardless of whether Aramark was acting under color of state law, Plaintiff's claims under § 1983 should be dismissed because there exists an adequate post-deprivation remedy for his alleged injury under state law. *See Hudson v. Palmer*, 468 U.S. 517, 536 (1984). The Court would also note, despite Plaintiff's assertions to the contrary, the alleged injury suffered is de minimis and does not rise to the level of a constitutional violation. *See Goss v.* Lopez, 419 U.S. 565, 576 (1975).

In light of the foregoing, **IT IS ORDERED** that Plaintiff's objections to the Report and Recommendation of the United States Magistrate Judge (Clerk's Dkt. #38) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation of the United States Magistrate Judge (Clerk's Dkt. #35) is **APPROVED AND ACCEPTED**.

**IT IS FINALLY ORDERED** that Plaintiff's claims against Defendants Bexar County Sheriff's Department, Bexar County Jail and Aramark Corporation are hereby **DISMISSED WITH PREJUDICE**, and Plaintiff's claims against Raul Banasco are hereby **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 12(b)(6).

**SIGNED** on June 4, 2015.

ROBERT L. PITMAN
UNITED STATES DISTRICT JUDGE

4